IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION,<br><br>Plaintiff,<br><br>v.<br><br>BRANSON PROPERTIES, LC D/B/A SONIC DRIVE-INS and BRANSON MANAGEMENT, INC.,<br><br>Defendants. | MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:15-cv-00656-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is a motion for default judgment [Docket 25] brought by the U.S. Small Business Administration (SBA) against Branson Properties, LC and Branson Management, Inc. The court GRANTS IN PART AND DENIES IN PART the motion and enters a default judgment against Branson Properties and Branson Management in accord with this memorandum decision.

## BACKGROUND

In 2005, Branson Properties borrowed a sum of money. Branson Management guaranteed the loan. The SBA also guaranteed 75% of the loan. The promissory note contains the following clause:

> Without notice and without Borrower's consent, Lender may: . . . Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance . . . .

[Docket 2-4, p.3]

In 2010, Branson Properties defaulted on the loan. The lender subsequently assigned the note to the SBA for collection. The SBA filed a complaint against Branson Properties and Branson Management alleging a single cause of action for breach of the loan contract. [Docket 2]. Neither of the defendants answered the complaint. The clerk of this court, therefore, entered default certificates against both defendants.

The SBA then filed a motion for default judgment. The motion requested entry of a default for the principal balance owed on the note: $469,404.90. The motion also requested "administrative fees resulting from collections efforts" in the amount of $159,694.46 for a total judgment of $629,099.36.

## ANALYSIS

Because the SBA has requested an award of administrative fees, it is not seeking a judgment for "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). The SBA, therefore, must rely upon rule 55(b)(2) of the Federal Rules of Civil Procedure for its motion for entry of a default judgment.

In support of its request for the unliquidated administrative fees, the SBA cites 31 U.S.C. § 3717(e), which provides that a government agency "shall assess on a claim owed by a person . . . a charge to cover the cost of processing and handling a delinquent claim." The SBA also cites a federal statute that permits the Secretary of the Treasury to either retain a portion of amounts it collects on debts or bill the agency transferring the claim to the Treasury "based on actual administrative offsets completed." 31 U.S.C. § 3716(c)(4). A federal regulation further states that "[a]gencies shall assess administrative costs incurred for processing and handling delinquent debts. The calculation of administrative costs should be based on actual costs incurred or upon

2

estimated costs as determined by the assessing agency." 31 C.F.R. § 901.9(c). Finally, the SBA asserts that the Treasury has determined that a 30% surcharge on a debt delinquent by two years or more is a reasonable estimate of administrative costs. The SBA, however, provides no citation to authority or an affidavit to support this claim. Based upon these statutes and regulations, the SBA argues that a 30% surcharge, totaling $140,821.48, should be added to the amount owed on the loan.

The SBA also argues for further administrative surcharges. It points to a public law that permits the Department of Justice to retain "up to 3 percent of all amounts collected pursuant to civil debt collection litigation activities" of the Department. 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107–273, § 11013, 116 Stat. 1758 (2002). The SBA interprets this authorization to retain a portion of debts collected to be a cost authorized by section 3717(e). *See* 31 U.S.C. § 3711(g)(6) ("Any agency operating a debt collection center to which nontax claims are referred or transferred under this subsection may charge a fee sufficient to cover the full cost of implementing this subsection. . . . Amounts charged under this subsection concerning delinquent claims may be considered as costs pursuant to section 3717(e) of this title."). The SBA therefore assesses an additional 3% surcharge on both the principal amount due on the loan ($469,404.90) and the 30% Treasury surcharge discussed above ($140,821.48), for an additional charge of $18,872.98.

Thus, the SBA request a default judgment for the $469,404.90 remaining on the loan as well as a total of $159,694.46 in administrative fees charged by the Treasury and the Department of Justice, which amounts to approximately a 34% surcharge on the amount owed. This requested administrative fee award is not based upon an evaluation of the actual expenses incurred by federal agencies in collecting on the debt, but rather on a web of statutes, regulations,

public laws, and administrative decisions regarding inter-agency charges for debt collection that assess fixed percentages on the amount owed. The linchpin for the SBA's request for administrative fees, however, is 31 U.S.C. § 3717(e), which requires a federal agency to assess "a charge to cover the cost of processing and handling a delinquent claim."

This court denies the SBA's request for a default judgment on the requested administrative fees for two reasons. First, the SBA never pled a cause of action based upon section 3717(e). The complaint alleged a single cause of action for breach of contract based upon the terms of the loan agreement. It never even mentions section 3717(e). Although the complaint requested a surcharge in the amount of $159,694.46, it specifically stated that this amount was for "attorney's fees and costs . . . resulting from collection efforts," indicating that this amount was calculated pursuant to the collection costs clause of the promissory note. [Docket 2, pp. 3–4]. A defaulting defendant "'admits the plaintiff's well-pleaded allegations of fact' and forfeits his ability to contest those facts." *Tripodi v. Welch*, 810 F.3d 761, 763 (10th Cir. 2016). "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *accord Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Because the defendants never had notice of a claim for liability under section 3717(e), this court may not enter a judgment for liability based upon this statute.

Second, section 3717(e) does not apply here. Subsection (g) of this statute contains an important caveat to the mandate in subsection (e). Subsection (g) states that "[t]his section does

not apply . . . if a statute, regulation required by statute, *loan agreement, or contract* prohibits charging interest or assessing charges or *explicitly fixes the interest or charges*. 31 U.S.C. § 3717(g) (emphasis added). In this case, the promissory note signed by Branson Properties and Branson Management explicitly fixed both the interest rate for the loan and the charges that could be assessed for expenses incurred to collect the amount due under the note, including "reasonable attorney's fees and costs." This contractual agreement fixing debt collection costs in the event of a default negates the operation of section 3717(e). *See United States v. Spann*, 797 F. Supp. 980, 983 (S.D. Fla. 1992) (holding that where a loan agreement contained a clause requiring the borrower "to pay 'all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due,'" the agreement did "not fall within the friendly confines of section 3717(e), requiring the government to recover its costs and attorneys' fees in accordance with the loan's collection clause."). Therefore, Branson Properties and Branson Management should be held to the terms of their agreement, but not more.

The SBA, however, has presented no evidence to support an award of "reasonable attorney's fees and costs" associated with collecting the debt pursuant to the terms of the promissory note. It has not presented an accounting of the reasonable attorney time expended in obtaining a default judgment, the reasonable value of this time, or any other reasonable costs associated with collecting the amount due on the loan. Under Tenth Circuit precedent, the court may not enter a default judgement without sufficient evidence in the record to establish the legal and factual basis to support the award. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (vacating a default judgment because "[n]othing in the record supports either of these damage

figures or the award of $2500 in attorney's fees").[1] The court, therefore, denies the request for entry of default on the requested $159,694.46 in administrative fees.

## CONCLUSION

The court GRANTS IN PART AND DENIES IN PART the SBA's motion for default judgment. [Docket 25]. The court GRANTS the request for a default judgment for the principal amount owed on the promissory note in the amount of $469,404.90. The SBA's request for entry of a default for administrative fees in the amount of $159,694.46 is DENIED. The court shall enter a default judgment in accord with this memorandum decision.

DATED November 23, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] To the extent that the SBA relies upon federal regulations to arrive at a 34% surcharge on the amount owed without any specific accounting for the costs and fees actually incurred in collecting on the debt, the court finds such a surcharge to be unreasonable and therefore not awardable under the terms of the promissory note.